# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | |
| VS. | CRIM. NO. 17-052-1 (PAD) |
| *AMAURY RADAMES PEREZ-MUSTAFA (1)* | |
| Defendants | |

## EMERGENCY MOTION FOR LEAVE TO FILE, AND FILING SENTENCE MEMORANDUM

**TO THE HONORABLE COURT:**

COMES NOW the Defendant, ***AMAURY RADAMES PEREZ-MUSTAFA (1),*** by and through its undersigned attorney, and very respectfully ALLEGES and PRAYS:

1. Sentence Hearing is scheduled for June 16, 2017.

2. Presentence Report has been discussed with appearing defendant, and there are several issues that we consider this Honorable should address during the sentence hearing in consideration of:

a) Sentence to be imposed should consider important Supreme Court cases:

*U.S. v. Booker,* **543 U.S. 220 (2005),** *U.S. v. Fanfan,* **543 U.S.** *Gall v. United States,* **128 S. Ct. 586 (2007),** and *Kimbrough v. U.S.,* **128 S. Ct. 558 (2007);** sentence should be just, fair, uniform, and taking into consideration the 18 U.S.C. § 3553 factors.

b) Mr. Perez-Mustafa is a Dominican national that was not able to study beyond the 7th Grade because he needed to work to help supporting the household. (PSR, paragraphs 46-49, page 7, Document 22)

c) Mr. Perez-Mustafa's parents separated when he was 7 years old, and both brothers remained with his father. (PSR, paragraphs 31, page 6, Document 22)

d) Mr. Perez-Mustafa's mother moved to another town, La Vega, to live with her family; there was some distance between them, and this affected mother-son relationship. (PSR, paragraphs 31, page 6, Document 22)

e) Mr. Perez-Mustafa's father, Radames Antonio Perez, died at the age of 50 years old of a heart attack. (PSR, paragraphs 31, page 6, Document 22)

f) Mr. Perez-Mustafa was not able to pursue further educational endeavors because he was the main supporter of the household, and cannot stop working. (PSR, paragraphs 46-49, page 7, Document 22)

g) Mr. Perez-Mustafa was working odd jobs in construction with his maternal aunt's husband, Alido Martinez, since age 17. (PSR, paragraphs

47, page 7, Document 22)

h) When he was working in D.R., he could be making about $4,000.00 Dominican Pesos a week, depending on the jobs they were able to secure ((PSR, paragraphs 49, page 7, Document 22); **these were odd jobs in construction and he did not have a stable source of income.**

i) The difficult economic conditions of Mr. Perez-Mustafa in the Dominican Republic forced him to take a very risky option: enter illegally to the U.S. to obtain additional stable income and help his older relatives that are not able to continue working.

j) On January 21, 2017, Mr. Perez-Mustafa attempted again to enter illegally into U.S. when, he was apprehended in a "yola" type vessel with 38 other illegal aliens. (PSR, paragraphs 5, page 3, Document 22)

k) Mr. Perez-Mustafa was removed from the United States on November 11, 2015, when he tried to enter into Puerto Rico illegally. (PSR, paragraphs 7, page 3, Document 22)

l) During the PSR interview, Mr. Perez-Mustafa "expressed his repentance for his actions and stated he will never again attempt to enter the United States". (PSR, paragraphs 12-13, page 4, Document 22)

m) Mr. Perez-Mustafa has endured precarious conditions at Bayamon 705 Correctional Complex: cells are filled with cockroaches and the food is

scarce; **he has taken this as punishment, and knows if he comes again the incarceration term will be longer.** (PSR, paragraphs 13, page 4, Document 22)

n) Mr. Perez-Mustafa is desperate to go back to the Dominican Republic, to work and help support his family with the odd jobs he could obtain. (PSR, paragraphs 13, page 4, Document 22)

o) This Honorable Court should waive the imposition of a fine, taking into consideration the particular circumstances of Mr. Perez-Mustafa. **USSG 5E1.2(e)** (PSR, paragraphs 50-51, page 7, Document 22)

p) This Honorable Court should recommend that, Mr. Perez-Mustafa be removed from the United States to his original country, Dominican Republic.

q) The statutory maximum term of imprisonment is 2 years. Title 18 U.S.C. §1326(a); **the Guideline imprisonment range is 0-6 months.** (PSR, paragraphs 52-53, page 8, Document 22)

r) **Taking into consideration that after disposition by this Honorable Court, Mr. Perez-Mustafa will be under the jurisdiction of INS, and he may be some additional time before he is send back to the Dominican Republic, it is a fair disposition to sentence Mr. Perez-Mustafa to time served.**

## *LEGAL MEMORANDUM*

**U.S. v. Booker and Court's consideration of 18 U.S.C. §3553**

The Courts shall impose a sentence sufficient, but not greater than necessary to comply with the four objectives of sentencing: just punishment, deterrence, incapacitation, and rehabilitation. In determining sentence, the Court is to consider the following factors: nature of the offense **and the character and background of the offender**, kinds of Sentences available, sentencing range established for the applicable categories of offense and offender, relevant policy statements, etc. 18 U.S.C. §3553 (a), 3553 (a) (1)-(7). Under 18 U.S.C. §3661, **the Court, in imposing a sentence, may consider all information concerning, background, character, and conduct of the Defendant.**

According to 18 U.S.C. §3553 (b), the Court should impose a sentence within the range of the applicable guideline, **unless the Court finds that there exists a mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Guidelines.** Following this disposition, U.S.S.G. 1B1.4 **allows the Courts to consider, without limitations, any information concerning the background, character, and**

**conduct of the Defendant, either to impose a sentence within the guideline range, or when a departure is warranted.** <u>Koon V. U.S.</u>, 116 S. Ct. 2035, 2053 (1996). In <u>**Apprendi v. New Jersey**</u>, **530 U.S. 466 (2000),** the Supreme Court ruled that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."

In <u>**U.S. v. Booker**</u>, **543 U.S. 220 (2005),** and <u>**U.S. v. Fanfan**</u>, **543 U.S. (January 12, 2005)**, the Supreme Court reaffirmed that any sentence that increases the penalty beyond prescribed statutory maximum must be submitted to the jury, or accepted by the defendant. **The decision of the Supreme Court made the guidelines advisory, requiring the Courts to consider the Guidelines range, but permitting the Courts to tailor the sentence in light of the statutory dispositions. All the elements that must be taken into consideration have been the object of important decisions by the Supreme Court of the United States. These decisions open the options of sentencing.**

<u>**Gall v. United States**</u>, **128 S. Ct. 586 (2007),** and <u>**Kimbrough v. U.S.**</u>, **128 S. Ct. 558 (2007)** are two recent Supreme Court cases that, **makes clear the discretion that the courts have to consider the factor contained in** <u>**18 U.S.C. §3553 (b)**</u> **to impose a sentence.**

In *Gall,* **supra,** the Supreme Court clarified the sentencing procedure:

**(1) District Courts should begin all sentences correctly calculating the applicable guideline range.**

*(2)* After giving the parties the opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all the §3553 (a) factors to determine whether they support the sentence requested by the party. **The judge must make an individual assessment, based on the facts presented.**

*(3)* **If the Court considers that, an outside guideline sentence is warranted; it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance.**

*(4)* **After settling on the appropriate sentence, the district judge must adequately explain the chosen sentence to allow for adequate appellate review, and to promote the perception of fair sentencing.**

## *Leave to File And Excussing Brief Delay*

Due to subscribing attorney involvement in other cases **scheduled for trial** and personal matters, I was not able to file the sentencing memorandum yesterday, June 12, 2017.

During recent weeks, I was preparing for the trial scheduled for June 12, 2017 before Chief Judge Delgado-Colon in **_U.S. v. Rodriguez-Mateo,_ Cr. 15-643-1 (ADC) (change of plea hearing was taken yesterday in the morning before Hon. Magistrate Judge Carreño-Coll)**

After the change of plea hearing in **_U.S. v. Rodriguez-Mateo, Supra_**, I had to run to Old San Juan Courthouse. I spent the rest of the day in the proceedings of **_U.S. v Sutton,_ Cr. 15-375-5 (GAG) (trial was scheduled to start on July 5, 2017, but we discussed all pertinent matters in the morning; yesterday in the afternoon, we took the change of plea)**

Last night (midnight), I had to pick up my wife returning to Puerto Rico from New York. Early this morning (June 13, 2017) I attended the change of plea hearing in **_U.S. v. Rodriguez-Tapia,_ Cr. 15-497-2 (JAG) (change of plea hearing before Hon. Magistrate Judge Lopez)**

Taking into consideration, recent hectic calendar by subscribing attorney, I expressed my apologies for the delay in submitting the Sentence Memorandum, and request leave to file the present with this Honorable Court.

**WHEREFORE:** Appearing defendant most respectfully requests this Honorable Court to consider the present:

a. Granting leave to submit the Sentence Memorandum today, June 13, 2017, and accepting our humble apologies for the brief delay

b. Sentencing Mr. Perez-Mustafa to time served;

c. Waiving imposition of a fine, in consideration to PSR, and guidelines disposition;

d. Granting any other and further remedies that will help Mr. Perez-Mustafa to return to the Dominican Republic as soon as possible.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, June 13, 2017.

**CERTIFICATE OF SERVICE:** I, **RAMON L. GARAY-MEDINA,** Counsel for appearing defendant, do hereby CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send automatic notification to all parties of record.

Law Offices Of
**RAMON L. GARAY-MEDINA**
Attorney for Defendant
PMB 286, 100 Grand Paseos Blvd.
Ste. 112, San Juan
P.R. 00926-5902
Tels. (787) 758-0340/ 767-2754
Fax (787) 731-4386
E mail: garaylawpr@hotmail.com
Garaylaw1@gmail.com

*S/ RAMON L. GARAY MEDINA*

By: **RAMON L. GARAY MEDINA, Esq.**
U.S.D.C.-P.R. 202611

*EMERGENCY MOTION FOR LEAVE TO FILE AND FILING…, June 13, 2017*
*Crim. No. 2017-052-1 (PAD)*

*Page 10 of 10*